UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

J. F. AHEARN CO.,

        Plaintiff,

v.                                                Case No. 04-C-815

CHERNE CONTRACTING CORP.,

        Defendant.

**ORDER**

Plaintiff J. F. Ahearn requested production of several categories of documents, many of which defendant Cherne claims it has already produced and others of which it claims are irrelevant to the issues in this case. Those documents were sought in discovery requests numbered 8, 10, 11, 12, 13 and 14. Following Local Rule 7.4, Ahearn moved to compel production. As discussed below, the motion to compel will be granted in part and denied in part.

First, Cherne claims it has already produced everything it has with regard to discovery requests numbered 8, 12 and 14. Without any reason to conclude otherwise, the motion with respect to those requests is denied as moot. In request 10, Ahearn sought bidding files of other vendors in order to determine whether "steam blow temporary piping" was involved. It claims such information is relevant because the documents "are likely to disclose whether Cherne sought pipe fabrication bids for work that is referred to as 'temporary steam blow piping,' which is among the issues in dispute." Cherne protests that it has recently admitted that temporary steam blow piping *was* within the scope of Ahearn's contract. Thus, it claims the contracts of other vendors are

irrelevant to establish that fact. Based on this, it does seem that information about *other* contracts, unrelated to this case, would be irrelevant. Moreover, it is unclear what discoverable information they might lead to, and Ahearn has not offered anything more than the explanation quoted above. Accordingly, the motion is denied as to request 10.

In request 11, Ahearn sought financial records with respect to Cherne's own general contract with the Kentucky power cooperative. Again, Cherne claims this is irrelevant because any damages Ahearn suffered stem only from its contract with Cherne. Information relating to the general business and financial situation between the customer and the general contractor may produce relevant information, however. That is, although the plaintiff's own contract is indeed the only source of its recourse, it is not out of bounds to seek information relating to the prime contract under which it operated in order to discern the whole financial picture and potentially explain the motivations driving the business decisions involved. Accordingly, the motion is granted with respect to request 11.

In request 13, the plaintiff seeks full access to the general contract itself. Cherne is willing to produce the contract (and has) on an attorneys'-eyes-only basis, but Ahearn wants full access. Cherne has also produced a redacted version of the contract for general disclosure, but is unwilling to produce an unredacted document on that basis. It claims that full disclosure would harm its ability to compete because it would reveal too much information to its competitors. Ahearn has not offered any explanation for why the redacted portions of the document, which are available to its attorney, need to be disclosed to its client and others. What information does it need that it does not already have? Accordingly, the motion to compel is denied with respect to request 13.

2

In sum, the motion to compel is denied in part and granted in part. It is granted with respect to plaintiff's document request number 11, but is denied in all other respects.

**SO ORDERED.**

Dated this ___8th___ day of December, 2005.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge