UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

J. F. AHERN CO.,

        Plaintiff,

v.                                                   Case No. 04-C-815

CHERNE CONTRACTING CORP.,

        Defendant.

# ORDER

Cross-motions for sanctions are currently pending. Plaintiff J. F. Ahern filed its motion (under Rule 7.4) based on the alleged refusal of defendant Cherne to turn over documents it sought in its production request number 11, namely, "Cherne's job cost reports and project accounting records relating to the performance of its general contract with the East Kentucky Power Cooperative." In a previous decision addressing this issue, I ordered the defendant to comply with this request, noting that "[i]nformation relating to the general business and financial situation between the customer and the general contractor may produce relevant information." (December 8, 2005 Order at 2.)

Since then, however, the parties appeared for a pretrial conference, at which I addressed the defendant's motion for a protective order. In short, I agreed that an attorney's eyes only provision for the disclosure of Cherne's profit would pose a solution to the concerns Cherne expressed. In so doing, it was my understanding that the scope of the discovery request either *had* narrowed from

the original request or *would* narrow, and that the ongoing attempts to comply represented a sufficient effort to provide the requested information.

J. F. Ahern has now moved for contempt on the basis that Cherne has not produced all of the documents originally ordered pursuant to Request No. 11. If it was not clear earlier, I now clarify that I do not believe the documents sought bear on the legal issues in this case. Apart from simply wanting to describe defendant's "motive" for attempting to short-change the plaintiff, there has been little indication of the documents' relevance, and the present motion is not forthcoming on that score. Accordingly, the motion for sanctions and production is denied.

For its part, on February 24 the defendant filed its own motion for sanctions against J.F. Ahern for Ahern's refusal to abandon its counterclaim defense that "steam blow temporary piping" was not part of the contract. Although J.F. Ahern has not yet filed a response (nor is any yet due) it seems appropriate to address the motion promptly in light of the upcoming mediation between the parties.

The motion will be denied. Cherne's motion for sanctions bears more resemblance to a summary judgment motion than a motion for sanctions; it is even accompanied by five declarations and nearly thirty exhibits. The thrust of it is that Ahern cannot reasonably say that steam blow temporary piping was not a part of its contractual duties; thus, it cannot defend the counterclaim against it on that basis. Cherne submits that Ahern is merely stonewalling so it can give the claim "the old college try in front of the jury," and that the delay inherent in its refusal to withdraw the defense will lead to wasted time and expenses.

Whatever the merits of Cherne's arguments, it seems clear that they are best left for a more appropriate forum. If it proves true that Ahern stonewalls and presents baseless defenses at some

2

future date, whether in briefs or in front of a jury, the motion for sanctions can be renewed. But at this point that is both wholly speculative and unlikely. Indeed, the customary course of events (which is too common in its own right) is that one party makes an argument to the court and then the other side moves for sanctions on the grounds suggested by Cherne. That is, the party moving for sanctions does not *preemptively* file such a motion, asking the court to evaluate the merits of arguments not yet even presented. To go down that road would involve the court in hypothetical disputes and require the issuance of essentially advisory opinions, and that is a role neither the Constitution nor the public contemplates federal courts should have.

Accordingly, both motions for sanctions are denied, and the case is ordered to proceed to mediation as previously scheduled.

**SO ORDERED**.

Dated this    6th    day of March, 2006.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge